Case 10-52789  Doc 71  Page 1 of 2

FILED
September 06, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003750999

W. AUSTIN COOPER,
A PROFESSIONAL CORPORATION
W. AUSTIN COOPER, #030652
2525 Natomas Park Drive, Suite 320
Sacramento, CA  95833
Telephone: (916) 927-2525
Facsimile: (916) 920-0355

Attorneys for the Debtor
and Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

In re

MANUEL ALLEN SABIN AND
ALISA MARIE SABIN

Debtors.
_____/

Case No. 10-52789-A-11
Chapter 11

DC No.:     UST-1

Hearing:
Date: September 19, 2011
Time: 10:00 a.m.
Place: Courtroom 28, Dept. A
       501 I Street, 7th Fl.
       Sacramento, CA 95814

## RESPONSE TO MOTION TO CONVERT OR DISMISS

To Honorable Michael McManus, Office of U.S. Trustee and other parties in interest.

The Debtors oppose the Trustee's motion (UST-1) on the basis that they have made a good faith effort to arrange for the preparation and filing of there MOR'S. All MOR reports are filed as of September 5, 2011 through the July, 2011 MOR. August will be filed prior to the September 15, 2011 hearing.

By engaging a bookkeeper who specializes in preparing MOR'S (at $100.00 each) within just a few days of filing, the Debtors believed this arrangement would properly discharge their responsibilities. The relied on the bookkeeper to timely prepare documents and to forward copies them to meet deadlines.

The deadlines were not clear to the Debtors and they often presumed the documents were sent to counsel for timely filing without further action on their part. In any event the importance of the

1

document and its timely filing was not impressed upon them sufficiently to insure timely filing of each MOR.

Counsel for the Debtors has his own observations after advising Chapter 11 clients in the Northern and Central Districts as well. MOR'S are a creation of local Rules even within any regional office of the U.S. Trustee, different courts and divisions has devise forms and different compliance dates. For better or worst, some courts has elevated the filing of MOR'S to Holy Grail status without regard to their content (just the filing date). The reverse should be the true. The emphasis on MOR filings are but one indicia of a Debtor's co-operation. The Court should consider that in addition to bringing all MOR'S current, the Debtors filing of a plan, setting a Disclosure date hearing and their willingness to pay all creditors out of significant post petition earnings (estimated at about $340,000.00 per year). This effectively precludes them from either a Chapter 7 or a Chapter 13.

## CONCLUSION

The Debtors' good faith efforts to comply with the monthly reporting requirements of the U.S. Trustee should be favorably considered in denying the U.S. Trustee's motion. A condition could be automatic dismissal if a future deadline is missed. Also, consideration of continuing in Chapter 11 should be a priority for this court. This is the only chapter available to them. To dismiss would not be in the best interest of the Debtors or the best interest of the creditors. Dismiss would result in competing tax liens, creditor garnishments and executing and the systematic dismantling of the Debtors assets and likely loss of employment. Only a few aggressive creditors would benefit from a dismissal as opposed to the fair and equitable treatment of all creditors by a continued Chapter 11 proceeding.

Respectfully Submitted.

/s/ W. Austin Cooper
W. AUSTIN COOPER

2